**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4582**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TANYA VALENCIA MACK,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   William D. Quarles, Jr., District
Judge.  (1:08-cr-00348-WDQ-2)

_____

Submitted:  October 21, 2016        Decided:  October 31, 2016

_____

Before WILKINSON and KING, Circuit Judges, and DAVIS, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Richard S. Stolker, UPTOWN LAW, LLC, Rockville, Maryland, for
Appellant.   Rod J. Rosenstein, United States Attorney,
Christopher J. Romano, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tanya Valencia Mack appeals her sentence of 240 months' imprisonment following her jury conviction for conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine. Finding no reversible error, we affirm.

We review a criminal sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, . . . or failing to adequately explain the chosen sentence." Id. at 51. If there is no significant procedural error, we then consider the sentence's substantive reasonableness under "the totality of the circumstances." Id.

Mack does not challenge her sentence's procedural reasonableness but argues that her sentence is substantively unreasonable. See 18 U.S.C. § 3553(a)(6). Because the district court imposed a sentence below the properly calculated Guidelines range, we presume that Mack's sentence is reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

After careful review of the record, we conclude that Mack has not made the showing necessary to rebut the presumption of reasonableness we apply to her below-Guidelines sentence. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED